

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| JAMES BRUCE SIRON and<br>ELLEN SIRON,<br><br>           Plaintiffs,<br><br>vs.<br><br>ALLSTATE FIRE & CASUALTY<br>INSURANCE CO.,<br><br>           Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 3:15-cv-4868-MGL |

**MEMORANDUM OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND
ENTERING A DECLARATORY JUDGMENT**

### I.      INTRODUCTION

Plaintiff James Bruce Siron and his wife, Plaintiff Ellen Siron (collectively Plaintiffs) filed this action for a declaratory judgment regarding the enforceability of a provision in an automobile insurance policy (the Policy) issued to them by Defendant Allstate Fire & Casualty Insurance Company (Defendant). The Policy states the amount of underinsured motorist benefits payable will be offset by medical expense benefits received under the policy. The Court has jurisdiction over this matter under 28 U.S.C. § 1332. Pending before the Court is Plaintiffs' Motion for Summary Judgment. ECF No. 31. The parties have agreed the Court's ruling on Plaintiffs' motion will fully resolve this case. ECF No. 42. Having carefully considered the motion, the response,

the reply, the supplement to the motion, the record, and the applicable law, it is the judgment of the Court that Plaintiffs' Motion for Summary Judgment will be granted in part and denied in part, and the Court will enter a declaratory judgment holding the offset provision at issue is enforceable but shall be applied only after Plaintiffs are fully compensated.

## II.     FACTUAL AND PROCEDURAL HISTORY

The relevant factual background is undisputed.  Plaintiffs are residents of Richland County, South Carolina, and Defendant is an insurance company organized and existing under the laws of the State of Illinois with its principal place of business in Illinois.  Plaintiffs purchased the Policy from Defendant, which included underinsured motorist (UIM) and medical payments (MedPay) coverages, among others.  The Policy has UIM bodily injury coverage limits of $500,000 per person/$1,000,000 per accident and MedPay coverage limits of $100,000 per person.  ECF No. 6-1 at 10-11.  The Policy contains the following provision limiting liability: "[s]ubject to the above limits of liability, damages payable will be reduced by: . . . all amounts payable under . . . Medical Expense Benefits Coverage of this policy, or any similar automobile medical payments coverage." *Id.* at 34.

Plaintiff James Bruce Siron was involved in a car accident during the Policy period when a vehicle driven by Julia Carty struck his.  Mr. Siron sustained injuries as a result of the accident.  He subsequently filed a claim with Defendant for MedPay benefits, which Defendant accepted and tendered approximately $100,000, the policy limits for MedPay benefits under Plaintiffs' policy.

On March 13, 2012, Plaintiff James Bruce Siron filed suit against Ms. Carty for his injuries in the Court of Common Pleas for Richland County, South Carolina.  Plaintiffs filed an amended

complaint in that case on December 17, 2012, in which Ellen Siron joined as a plaintiff and asserted a claim for loss of consortium. Ms. Carty's liability carrier tendered its policy limits to Plaintiffs, but Plaintiffs maintain their injuries exceed the damages they have recovered thus far and have consequently submitted a claim to Defendant for UIM benefits payable under the Policy. In response to Plaintiff's claim, Defendant insists it is entitled to enforce the provision in the Policy authorizing an offset of UIM benefits with MedPay benefits already issued.

Plaintiffs filed the present declaratory judgment action in the Court of Common Pleas for Richland County, South Carolina, on October 29, 2015. ECF No. 1-1. Defendant removed the action to this Court on December 7, 2015. ECF No. 1. According to Plaintiffs and Defendant, Plaintiffs' state court action against Ms. Carty is stayed pending resolution of this declaratory judgment action. ECF No. 27.

Plaintiffs filed their Motion for Summary Judgment on June 27, 2016. ECF No. 31. Defendant filed a response in opposition on July 12, 2016, ECF No. 33, and Plaintiffs filed a reply on July 22, 2016, ECF No. 34. As directed by a text order issued by the Court on December 1, 2016, ECF No. 45, Plaintiffs filed a supplement to their Motion on December 5, 2016, consisting of copies of the pleadings in related actions pending in the Court of Common Pleas for South Carolina, ECF No. 46. The Court, having been fully briefed on the relevant issues, is now prepared to discuss the merits of Plaintiff's Motion for Summary Judgment.

### III.   STANDARD OF REVIEW

"The court shall grant summary judgment if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

56(a). Summary judgment should be granted under Rule 56 when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material if it might "affect the outcome of the suit under the governing law." *Id.* On a motion for summary judgment, all evidence must be viewed in the light most favorable to the nonmoving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990).

The Declaratory Judgment Act pronounces "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). A declaration issued under the Act "shall have the force and effect of a final judgment." *Id.* A state declaratory judgment action removed to federal court invokes the Federal Declaratory Judgment Act. *Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.*, 736 F.3d 255, 261 n.3 (4th Cir. 2013).

### IV.   CONTENTIONS OF THE PARTIES

Plaintiffs' Complaint seeks a declaratory judgment that any provision in the Policy permitting Defendant to offset UIM benefits payable under the Policy by the amount of MedPay issued is unenforceable under South Carolina law. Plaintiffs assert in their Motion for Summary Judgment that they are entitled to the declaratory judgment requested in their Complaint. In the

alternative, Plaintiffs maintain that, if the offset is enforceable, they are entitled to a declaratory judgment holding it should apply only after they are fully compensated.

Plaintiffs acknowledge the Fourth Circuit held in *Rowzie v. Allstate Insurance Co.*, 556 F.3d 165 (4th Cir. 2009), that the precise type of offset provision at issue here—a provision in a personal automobile insurance policy allowing for UIM benefits to be offset by MedPay benefits issued—is enforceable under South Carolina law.  Nevertheless, Plaintiffs argue the Court should decline to follow *Rowzie* because a case central to its reasoning, *State Farm Mutual Automobile Insurance Co. v. Calcutt*, 530 S.E.2d 896 (S.C. Ct. App. 2000), was subsequently overturned by *Sweetser v. S.C. Department of Insurance Reserve Fund*, 703 S.E.2d 509 (S.C. 2010).

Plaintiffs assert that a provision in a personal automobile insurance policy permitting UIM benefits to be offset by MedPay benefits is unenforceable under South Carolina law because UIM coverage is defined by statute, specifically S.C. Code § 38-77-160, and a statutory provision authorizing such an offset is absent.  Plaintiffs admit that, if such offsets are unenforceable, there might be cases when an insured appears to receive a double recovery, but Plaintiffs aver a double premium has been paid.  Plaintiffs further note the absence of a meaningful distinction between an insured's receiving the full amount of MedPay and UIM benefits from its own insurer and recovering the full amount of its medical bills from both the tortfeasor and its own MedPay coverage.   In support of Plaintiffs' alternative position—if the offset is enforceable, it is enforceable only after Plaintiffs are fully compensated—Plaintiffs cite decisions from other jurisdictions as well as two South Carolina cases analyzing other types of automobile insurance offset provisions.

Defendant responds that the subject offset provision in Plaintiffs' Policy is valid and enforceable. Accordingly, Defendant requests that the Court deny Plaintiffs' Motion for Summary Judgment on the ground Plaintiffs are entitled to up to only $400,000 in UIM coverage in the underlying litigation, which represents the policy limit of $500,000 minus the $100,000 Defendant has already paid in MedPay benefits. Defendant propounds the offset provision is enforceable because, under South Carolina law, insurance policies are subject to the normal rules of contract construction, and there is no statute prohibiting this type of offset. Defendant looks to several South Carolina cases upholding other offset provisions to bolster its position and to support the proposition limitations to voluntary insurance coverage, such as UIM coverage, are permitted. Defendant claims Plaintiffs' suggestion that circumstances allowing for a double recovery are fair because a double premium has been collected is misplaced because UIM and MedPay coverage insure different risks.

Additionally, Defendant insists *Rowzie* should be followed. Defendant disagrees with Plaintiffs' contention that the reasoning in *Rowzie* has been overturned as a result of the South Carolina Supreme Court's subsequent decision in *Sweetser* overruling *Calcutt*. Defendant explains *Sweetser* overrules *Calcutt* only in regard to the interpretation of a statutory provision inapplicable to this case.

## V.     DISCUSSION AND ANALYSIS

A federal court exercising diversity jurisdiction applies state substantive law. *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996) (citations omitted). It is undisputed the

substantive law of the State of South Carolina applies to this matter. The Court will therefore analyze this case under South Carolina substantive law.

"[I]n determining state law a federal court must look first and foremost to the law of the state's highest court, giving appropriate effect to all its implications." *Assicurazioni Generali S.p.A. v. Neil*, 160 F.3d 997, 1002 (4th Cir. 1998). If the highest court of the relevant state "has not directly addressed the issue, a federal court 'must anticipate how it would rule.'" *Stahle v. CTS Corp.*, 817 F.3d 96, 100 (4th Cir. 2016) (quoting *Liberty Univ., Inc. v. Citizens Ins. Co. of Am.*, 792 F.3d 520, 528 (4th Cir. 2015)). Neither party has brought to the Court's attention a decision by the South Carolina Supreme Court on the enforceability of an automobile insurance policy provision authorizing UIM benefits payable to be offset by MedPay benefits issued, and the Court is likewise unaware of any such decision. Accordingly, the Court must determine how the South Carolina Supreme Court would likely rule on the issue. *See Stahle*, 817 F.3d at 100.

Although the South Carolina Supreme Court has failed to consider the enforceability of the type of insurance offset provision at issue here, the Fourth Circuit has. *See Rowzie v. Allstate Ins. Co.*, 556 F.3d 165, 166 (4th Cir. 2009) (holing that a provision in a personal automobile insurance policy calling for UIM benefits to be offset by MedPay benefits received is enforceable under South Carolina law). The offset provision analyzed in *Rowzie* was in fact identical to the offset in Plaintiffs' Policy. *See id.* The court in *Rowzie* affirmed the district court's ruling that the offset was in keeping with S.C. Code § 38-77-144 (which states medical payments coverage is not subject to a setoff) because South Carolina Supreme Court precedent clarifies § 38-77-144 applies only to a tortfeasor's liability and prohibits only setoffs that reduce a tortfeasor's liability. *Id.* at 167-69.

7

The court in *Rowzie* also rejected the plaintiff's argument that the provision violated S.C. Code § 38-77-160.  *Id.* at 169-70.  Section 38-77-160 states, in relevant part:

> [Automobile insurance] carriers shall offer, at the option of the insured, underinsured motorist coverage up to the limits of the insured liability coverage to provide coverage in the event that damages are sustained in excess of the liability limits carried by an at-fault insured or underinsured motorist or in excess of any damages cap or limitation imposed by statute. . . . Benefits paid pursuant to this section are not subject to subrogation and assignment.

S.C. Code § 38-77-160.  The *Rowzie* court affirmed the district court's holding that the provision did not violate § 38-77-160 either because, given that the plaintiffs received UIM and MedPay benefits to fully compensate them, they received all the rights to which they were entitled under South Carolina law, and there was consequently no subrogation or assignment of UIM benefits as prohibited by § 38-77-160.  *Rowzie*, 556 F.3d at 169-70.

Like Plaintiffs in this case, the plaintiffs in *Rowzie* also asserted the offset should be unenforceable on the ground the plaintiffs paid separate premiums for their MedPay and UIM coverage.  *Id.* at 170.  The court held that argument was erroneous because, like the Policy here, the coverages were part of one policy contract with terms providing for the offset.  *Id.* at 170.  The court further noted an insured may not recover more than the total damages incurred, and "[a]llowing Plaintiffs to recover UIM benefits totaling the entire amount left uncompensated by the at-fault motorist, without any deduction of PIP/MedPay benefits already paid, would require [the insurer] to doubly compensate their insureds" and would result in a "windfall recovery" for the plaintiffs.  *Id.* at 170-71.

The Court thinks *Rowzie* is persuasive.  Plaintiffs' contention that the Court should ignore *Rowzie* because *Calcutt*, a case allegedly central to its reasoning, has been overturned by *Sweetser* is misguided for two reasons.  First, the Court disagrees with Plaintiffs' assertion *Calcutt* was

central to the reasoning in *Rowzie*. The court in *Rowzie* simply referenced *Calcutt* as an example of a similar analysis, acknowledging that *Calcutt* involved a different type of offset provision. *Id.* at 168. Second, *Sweetser* overrules *Calcutt* only "to the extent" it conflicts with the holding in *Sweetser* that S.C. Code § 38-77-220 applies just to employers. *Sweetser*, 703 S.E.2d at 511 n.4. Section 38-77-220 is inapplicable to this case. Because *Sweetser* overruled *Calcutt* on only one narrow ground inapplicable to this case, and because the Court disagrees with Plaintiffs' argument *Calcutt* was important to the court's reasoning in *Rowzie*, the Court is of the firm opinion the holding in *Sweetser* overruling part of *Calcutt* fails to diminish the persuasive value of *Rowzie*. Accordingly, the Court will follow *Rowzie* and adopt its reasoning.

The Court adopts the *Rowzie* court's rationale, as detailed above, in concluding the South Carolina Supreme Court would likely hold that a provision authorizing the offset of UIM benefits payable under a personal automobile insurance policy by MedPay benefits issued is enforceable under South Carolina law. Accordingly, the Court will hold the subject offset provision in Plaintiffs' Policy is enforceable.

Nevertheless, the Court will briefly address Plaintiffs' remaining arguments why the Court's ruling ought to be different. The Court rejects Plaintiffs' contention that the offset is unenforceable because UIM coverage is defined by statute, specifically S.C. Code § 38-77-160, and there is no statutory provision authorizing such an offset. For the reasons set forth in *Rowzie*, the Court holds the offset is in keeping with § 38-77-160. *See Rowzie*, 556 F.3d at 169-70 (upholding the district court's conclusion that the offset was in accord with § 38-77-160 because the plaintiffs received all the rights to which they were entitled and there was therefore no subrogation or assignment of benefits). The fact the South Carolina Code lacks a statutory

provision authorizing the offset is immaterial. As the court in *Rowzie* noted, a statute prohibiting the offset is missing from the statutory scheme. *Id.* at 168. "Insurance policies are subject to the general rules of contract construction." *USAA Prop. & Cas. Ins. Co. v. Clegg*, 377 S.C. 643, 655, 661 S.E.2d 791, 797 (2008) (citation omitted) (internal quotation marks omitted). Because there is no statute or other public policy articulated by Plaintiffs prohibiting the offset, the offset is enforceable under the normal rules of contract construction.

The Court also repudiates, for the same reasons explained by the court in *Rowzie*, Plaintiffs' suggestion the offset should be invalidated on the ground Plaintiffs have paid separate premiums for their UIM and MedPay coverages. *See Rowzie*, 556 F.3d at 170-71. Plaintiffs' UIM and MedPay coverages are part of the same insurance contract, and the contract provides UIM benefits may be offset by MedPay benefits. Under the normal rules of contract construction, such a provision is enforceable. Furthermore, an insured is unable to recover more in UIM benefits than the amount of damages actually sustained. *Broome v. Watts*, 461 S.E.2d 46, 48-49 (1995) (citations omitted); *see also Rowzie*, 556 F.3d at 171 (citing *Broome*, 461 S.E.2d at 46). Striking down the offset would result in situations permitting Plaintiffs to recover more than their actual damages through UIM benefits. The Court declines Plaintiffs' invitation to allow them to do so.

Likewise, the Court holds that Plaintiffs' argument there is no meaningful distinction between an insured's receiving the full amount of MedPay and UIM benefits from its own insurer and recovering the full amount of its medical bills from both the tortfeasor and its own MedPay coverage is erroneous. There is a distinction between the two situations when, as is the case here, a policy contractually limits an insured's ability to receive the maximum coverage for both MedPay and UIM benefits.

The Court now turns to Plaintiffs' alternative argument that, if the offset is enforceable, it should be enforced only after Plaintiffs are fully compensated. Defendant has failed to address this issue and has therefore abandoned any arguments Defendant might have on the matter. *See Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 377 (4th Cir. 2012) ("A party's failure to raise or discuss an issue in his brief is to be deemed an abandonment of that issue." (citations omitted)); *see also Satcher v. Univ. of Ark. at Pine Bluff Bd. of Trs.*, 558 F.3d 731, 735 (8th Cir. 2009) ("[F]ailure to oppose a basis for summary judgment constitutes waiver of that argument."). Because this issue is uncontested, the Court will hold that the offset provision at issue in Plaintiffs' Policy is enforceable but shall be applied only after Plaintiffs have been fully compensated for their damages. In other words, the offset shall be applied after Plaintiffs have received the total amount of damages to which they are entitled, as determined by the underlying litigation. In the event applying the offset would leave Plaintiffs less than fully compensated given the total damages and the applicable coverage limits, the offset shall not be applied.

The Court notes its holding that the offset shall apply only after Plaintiffs are made whole is supported by South Carolina cases analyzing similar offset provisions. *See Sweetser*, 703 S.E.2d at 510-12 (upholding a provision in an employer's automobile policy allowing uninsured motorist coverage to be offset by workers' compensation benefits and explaining "no public policy is violated if the employer is permitted to offset the employee's recovery under the automobile policy against the employee's compensation benefits, so long as that offset does not operate so as to make the employee less than whole."); *Williamson v. U.S. Fire Ins. Co.*, 442 S.E.2d 587, 588-89 (S.C. 1994) (enforcing an offset of UIM benefits with workers' compensation benefits but specifying the offset "shall be applied against the total of damages sustained once the employee has been fully

compensated for his injuries."). Likewise, the Fourth Circuit noted in *Rowzie* the plaintiffs were being fully compensated even after application of the offset. *Rowzie*, 556 F.3d at 170.

Accordingly, the Court will grant Plaintiffs' Motion for Summary Judgment as to their contention the applicable offset in their Policy should be enforced only after Plaintiffs are fully compensated for their damages and will deny Plaintiffs' Motion as to their argument the offset is unenforceable under South Carolina law. The Court will issue a corresponding declaratory judgment. Because the declaratory judgment will resolve the entire dispute in this matter, the Court will direct the Clerk of Court to close the case.

## VI.  CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of this Court that Plaintiffs' Motion for Summary Judgment is **GRANTED IN PART** and **DENIED IN PART**. The Court issues a **DECLARATORY JUDGMENT** that the provision in Plaintiffs' Policy authorizing Defendant to offset UIM benefits payable to Plaintiffs by the amount of MedPay benefits issued is enforceable, but the offset shall be applied only after Plaintiffs are fully compensated for their damages as determined by the underlying litigation. The Clerk of Court shall close the case.

**IT IS SO ORDERED.**

Signed this 14th day of December 2016 in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE
